IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CIVIL NO.: 1:13cv416-HSO-RHW |
| | § | CRIMINAL NO.: 1:12cr33-HSO-RHW |
| DANTE LAMAR CAMERON | § | |

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE

BEFORE THE COURT is Defendant Dante Lamar Cameron's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [465]. Defendant seeks to set aside his November 14, 2012, Judgment of Conviction [399] for conspiracy to commit violations of federal firearms laws and possession of a firearm with an obliterated or defaced serial number. Defendant's former counsel has filed an Affidavit [473], and the Government has filed a Response [478]. Having considered the issues presented, the record, and relevant legal authorities, the Court is of the opinion that the Motion should be denied.

I. BACKGROUND

A.   Factual Background

On April 17, 2012, Defendant was charged with conspiracy to commit violations of federal firearms laws in violation of 18 U.S.C. § 371 and with knowing possession of a firearm with an obliterated or defaced serial number in violation of 18 U.S.C. §§ 922(k) and 924(a)(1)(B). Indictment 1-10, 12-13 [4]. Scott Michael Davis was appointed as counsel for Defendant on May 30, 2012. Order Appointing

1

Counsel 1 [50].  On May 31, 2012, Mr. Melvin Cooper was substituted as Defendant's counsel.  Order Appointing Counsel 1 [87].  Defendant pleaded not guilty on June 6, 2012.  Minute Entry, June 6, 2012.

On July 13, 2012, however, Defendant filed a Notice of Intent to Change Plea [255] to plead guilty.  Defendant entered into a written Plea Agreement [336] with the Government and pleaded guilty to Count One and Count Eleven of the Indictment on August 6, 2012.  Minute Entry, Aug. 6, 2012.  Pursuant to the Plea Agreement, Defendant expressly waived "the right to appeal the conviction and sentence in this case[]" and "the right to contest the conviction and sentence or the manner in which the sentence was imposed in any post-conviction proceeding including but not limited to a motion brought under Title 28, United States Code, Section 2255 . . . ."  Plea Agreement 4, ¶¶ 7(a) and (b) [291].  Defendant also entered a sealed Plea Supplement [292] on August 6, 2012, setting forth various obligations on Defendant's part and the Government's part.  Mr. Cooper represented Defendant throughout this process.

On November 14, 2012, the Court sentenced Defendant to sixty months imprisonment on Count One and sixty months imprisonment on Count Eleven.  Minute Entry, Nov. 14, 2012.  The Court ordered that the terms of imprisonment would run concurrently and ordered Defendant to pay a $10,000.00 fine and $200.00 special assessment.  *Id*.  The Court also sentenced Defendant to a term of three years' supervised release upon Defendant's release from imprisonment.  J. in a

Criminal Case 3 [399]. The Judgment was executed on November 14, 2012, and filed the next day.

B.     Procedural Background

Defendant, proceeding *pro se*, filed the Motion to Vacate [465] pursuant to 28 U.S.C. § 2255 on October 31, 2013, along with a Memorandum in Support [466]. Defendant argues that his counsel's performance was deficient and caused him to suffer prejudice because his former counsel "failed to file a timely written objection to the erroneously four [*sic*] (4) level enhancements[;] . . . failed to argue to the District Court the sentencing guidelines errors[; and] . . . failed to preserve or perfect the record for further review[] for an unreasonable sentence imposed" under *United States v. Booker*, 543 U.S. 220, 261 (2005). Mem. in Support 3 [466]. Defendant argues the Court's application of United States Sentencing Guidelines ("U.S.S.G.") "§ 2K2.2b(6)"[1] constituted a finding of fact resulting in an increase of Defendant's sentence. *Id*. at 3-4. Defendant contends that the Court erred by applying the enhancement provided for in § 2K2.1(b)(6) without determining by a preponderance of the evidence that Defendant had knowledge that the weapons would be used in the commission of another felony. *Id*. at 4. Defendant further posits that the Court erred in applying the enhancements in § 2K2.1(b)(6) without first determining whether the weapons were possessed in connection with another felony offense. *Id*. Defendant also maintains that his counsel's failure to object to the Presentence Report constituted ineffective assistance of counsel. *Id*. at 4-5.

---

[1] Defendant erroneously refers to § 2K2.1 as "§ 2K2.2." Effective November 1, 1991, § 2K2.2 was deleted by consolidation with § 2K2.1. *See* U.S.S.G. § 2K2.2.

Mr. Cooper filed an Affidavit [473] on November 12, 2013, in which he states that Defendant made the decision to explore the possibility of pleading guilty after reviewing the Government's audio and video evidence with Mr. Cooper. Aff. of Melvin G. Cooper 2 [473]. Mr. Cooper further notes that Defendant also examined the Plea Agreement and Plea Supplement with him before pleading guilty. *Id*. at 1. According to Mr. Cooper, Defendant knew and appreciated the fact that he was waiving his right to contest the conviction and sentence pursuant to § 2255. *Id*. at 2. Mr. Cooper also notes that he filed and argued unsuccessfully a Motion for Variance [348] related to Defendant's sentence. *Id*. Mr. Cooper recalls advising Defendant that an objection to the four level enhancement would be fruitless due to the Government's video evidence depicting Defendant with a gun. *Id*.

On December 30, 2013, the Government filed its Response [478] arguing that Defendant waived the right to challenge his conviction and sentence pursuant to a § 2255 motion, and that this waiver was knowing and voluntary. Resp. of United States to Mot. to Vacate, Set Aside, or Correct Sentence 1-4 [478]. The Government reasons that Defendant's decision to plead guilty and expressly waive the right to seek post-conviction relief precludes his ineffective assistance of counsel claim arising from the sentence imposed upon Defendant. *Id*. at 4. According to the Government, an ineffective assistance of counsel claim survives a waiver only when the claimed ineffective assistance directly affected the validity of that waiver or the plea itself. *Id*. The Government further argues that Defendant's contentions pertaining to the application of § 2K2.1(b)(6) are unpersuasive and the

4

enhancements provided by that section were properly applied by the Court. *Id*. at 4-6.

## II. DISCUSSION

A.  Legal Standard for a § 2255 Motion

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (quoting *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994)). Section 2255 "provides relief for a petitioner who can establish that either (1) his sentence was imposed in violation of the Constitution or laws of the United States, (2) the sentencing court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack." *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995) (citations omitted).

The Sixth Amendment to the United States Constitution guarantees an accused the right to the assistance of counsel in defense of a criminal prosecution. U.S. Const. amend. VI. This right extends to the sentencing process. *Lafler v. Cooper*, 132 S. Ct. 1376, 1385-86 (2012) (citations omitted). Claims of ineffective assistance of counsel are properly asserted through a motion to vacate pursuant to § 2255. *See Gaudet*, 81 F.3d at 589 n.5 (citations omitted). To succeed on a § 2255 motion asserting ineffective assistance, a defendant must demonstrate that his trial counsel's performance fell below an objective standard of reasonableness and that

this deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 690 (1984).

B.      <u>Waiver of Right to Assert Claims Under 28 U.S.C. § 2255</u>

A defendant may, as part of a plea agreement, waive the right to appeal, *United States v. Cuevas-Andrade*, 232 F.3d 440, 446 (5th Cir. 2000); *United States v. Melancon,* 972 F.2d 566, 568 (5th Cir. 1992), and the right to seek post-conviction relief, *United States v. Wilkes,* 20 F.3d 651, 653 (5th Cir. 1994).  In *Wilkes*, the Fifth Circuit Court of Appeals upheld a waiver of post-conviction relief under 28 U.S.C. § 2255 on grounds that "an informed and voluntary waiver of post-conviction relief is effective to bar such relief. *Id.* at 653.  The Fifth Circuit determined that counsel could not "be considered deficient for failing to raise claims knowingly and voluntarily waived in the process of plea bargaining." *Id.*; *see also United States v. Hollins*, 97 F. App'x 477, 479 (5th Cir. 2004).

Pursuant to the Plea Agreement, Defendant waived his right to appeal his conviction or to seek relief pursuant to § 2255.

> **Waivers**. Defendant, knowing and understanding all of the matters aforesaid, including the maximum possible penalty imposed, and being advised of Defendant's rights to remain silent, to trial by jury, to subpoena witnesses on Defendant's own behalf, to confront the witnesses against Defendant, and to appeal the conviction and sentence, in exchange for the U.S. Attorney entering into this plea agreement and accompanying plea supplement, hereby expressly waives the following rights:
> a.     the right to appeal the conviction and sentence imposed in this case, or the manner in which that sentence was imposed, on grounds set forth in [18 U.S.C. § 3742], or on any ground whatsoever, and
> b.     the right to contest the conviction and sentence or the manner in which the sentence was imposed in any post-conviction

6

> proceeding, including but not limited to a motion brought under [28 U.S.C. § 2244], and any type of proceeding claiming double jeopardy or excessive penalty as a result of any forfeiture ordered or to be ordered in this case . . . .

Plea Agreement 4, ¶¶ 7(a) and (b) [291].

Defendant does not appear to argue, and the evidence does not support a finding, that Defendant's guilty plea and waiver were unknowing or involuntary. The sole focus of Defendant's Motion to Vacate is his sentencing. By executing the Plea Agreement, Defendant and Mr. Cooper declared "that the terms of th[e] plea agreement [had] been . . . read by or to Defendant; . . . explained to Defendant by Defendant's attorney; . . . understood by Defendant; and . . . agreed to and accepted by Defendant." Plea Agreement 6 [291]. Mr. Cooper corroborates this by stating that he reviewed both the Plea Agreement and Plea Supplement with Defendant prior to Defendant executing either document or pleading guilty before the Court. Aff. of Melvin Cooper 1-2 [473]. The record before the Court makes clear that Defendant's guilty plea and waiver were knowing and voluntary.

A waiver of post-conviction relief "may not always apply to a collateral attack based upon ineffective assistance of counsel . . . ." *Wilkes,* 20 F.3d at 653. Although a guilty plea generally waives all non-jurisdictional defects, including an ineffective assistance claim, Defendant may raise an ineffective assistance claim to the extent that the alleged ineffective assistance affected the voluntariness of his plea. *United States v. Cavitt,* 550 F.3d 430, 441 (5th Cir. 2008). The Fifth Circuit has held that "an ineffective assistance of counsel argument survives a waiver of appeal only

when the claimed assistance directly affected the validity of that waiver or the plea itself." *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002).

Defendant, however, does not claim that the alleged ineffective assistance affected the voluntariness of his plea or waiver. Instead, Defendant seems to contend that the alleged ineffective assistance caused him to receive a longer sentence than he otherwise would have received. Mem. in Support 2-4 [466]. This claim is precluded by the knowing and voluntary waiver contained within Defendant's Plea Agreement. Defendant has waived his right to challenge his sentence through post-conviction proceedings, and his Motion to Vacate should be denied on that basis. *See, e.g.*, *White*, 307 F.3d at 344 (affirming district court's denial of motion to vacate pursuant to § 2255 based on movant's previously executed plea agreement containing a waiver where movant asserted he suffered ineffective assistance of counsel "but [did] not claim that the waiver . . . was unknowing or involuntary").

C.   Collateral Attack on the Sentencing

Even if Defendant's waiver did not bar his Motion to Vacate, the Court is of the opinion that Defendant has failed to establish that the Court erred in applying the four level enhancement provided in § 2K2.1(b)(6). This enhancement provision "speaks to the real and obvious increase in the risk of violence (threat to public safety) through the mere possession of firearms in connection with drugs." *U.S. v. Condren*, 18 F.3d 1190, 1199 (5th Cir. 1994) (citing *United States v. Guerrero*, 5 F.3d 868, 873 (5th Cir. 1993)). "This increased risk obviously exists regardless of

whether the weapons are used, and regardless of how, or why, they were obtained, or for what other reasons they are possessed." *Id*.

The Presentence Investigation Report ("PSR") indicates that on June 2, 2010, Defendant facilitated and was present during the sale of both firearms and drugs rendering appropriate the enhancement provided for in § 2K2.1(b)(6). A PSR "is considered reliable evidence for sentencing purposes[, and i]f the defendant does not submit affidavits or other evidence to rebut the information in the PSR, the district court may adopt its findings without further inquiry or explanation." *United States v. Mitchell*, 166 F.3d 748, 754 (5th Cir. 1999) (quoting *United States v. Vital*, 68 F.3d 114, 120 (5th Cir. 1995)). In determining Defendant's sentence, the Court adopted the PSR without change. Statement of Reasons 1 [374]. The PSR reveals that Defendant facilitated and was present during the illegal sale of firearms and the sale of marijuana on June 2, 2010. Presentence Investigation Report 45-46 [398]. On that date, a sale of firearms took place in the same vehicle and only moments before a sale of marijuana was completed. *Id*. at 46. Defendant was in the vehicle when the sale of marijuana occurred, the firearms illegally purchased only moments before were also present in the vehicle, and a second illegal firearm sale took place in the same vehicle shortly thereafter while Defendant was still inside the vehicle. *Id*. at 45-46.

This is sufficient to justify applying the enhancement provided for in § 2K2.1(b)(6). *See* U.S.S.G. § 2K2.1(b)(6), Application Note 14 (noting that the enhancement applies "in the case of a drug trafficking offense in which a firearm is

9

found in close proximity to drugs . . . because the presence of the firearm has the potential of facilitating another felony offense or another offense"). The fact that Defendant was charged with conspiracy to commit violations of federal firearms laws but was not charged with a drug trafficking offense stemming from the sale of marijuana is irrelevant to whether the Court can consider the sale of marijuana in calculating Defendant's sentence pursuant to the Guidelines. *United States v. Perez*, 585 F.3d 880, 886 (5th Cir. 2009) ("[T]he district court's consideration of . . . uncharged criminal conduct in calculating the advisory Guidelines range does not run afoul of the Sixth Amendment.") (citing *United States v. Johnson*, 445 F.3d 793, 797-98 (5th Cir. 2006)). For these reasons, the Court concludes that even if Defendant's waiver did not prevent his collateral attack upon his sentence, Defendant's challenge to his sentence lacks merit.

D.      <u>Need for an Evidentiary Hearing</u>

Rule 8(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that, "[i]f a petition is not dismissed, the judge must review the answer, any transcripts and records of state-court proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted." The Court must first consider whether the applicant has presented "independent indicia of likely merit of [his] allegations." *United States v. Cavitt*, 550 F.3d 430, 442 (5th Cir. 2008) (quoting *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006)). "Once such independent evidence is presented, '[a] motion brought under 28 U.S.C. § 2255 can be denied without a hearing only if the motion,

files, and records of the case conclusively show that the prisoner is entitled to no relief.'" *Id*. (quoting *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992)).

Based upon the evidence of record in this matter, including the discovery materials from the underlying criminal action, Defendant has not shown the "likely merit" of his allegations. *See id*. At the sentencing hearing, this Court provided its reasons for sentencing Defendant as it did. The sentence fell below the applicable statutory maximum sentences, as well as within the sentencing guideline range. It is not possible for Defendant to demonstrate "prejudice" in the *Strickland* sense, in that he has not attempted to and cannot establish a reasonable probability that, but for counsel's unprofessional errors, he would have refused to plead guilty due to the waiver provisions contained in the Plea Agreement. Accordingly, the Court need not conduct an evidentiary hearing before dismissing Defendant's Motion to Vacate.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Defendant Dante Lamar Cameron's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [465] is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 14th day of May, 2014.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE